UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE CALLEGARI, | No. 2:22-cv-02095-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that it was determined in *Callegari v. Lee*, No. 08-cv-2420-MMC, 2008 U.S. Dist. LEXIS 106143 (N.D. Cal. Dec. 30, 2008), that plaintiff has "struck out" under 28 U.S.C. § 1915(g). Indeed, plaintiff has, on at least three prior

1

occasions, brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Callegari v. Chesterman*, No. 3:02-cv-3624-MMC, 2002 U.S. Dist. LEXIS 21449 (N.D. Cal. Nov. 4, 2002) (dismissing action for failure to state a claim); (2) *Callegari v. Sellers*, No. 3:06-cv-1970-MMC, 2006 U.S. Dist. LEXIS 39648 (N.D. Cal. June 2, 2006) (dismissing action for failure to state a claim); (3) *Callegari v. County of San Joaquin*, No. 2:08-cv-0214-JAM-KJM P, 2008 U.S. Dist. LEXIS 79362 (E.D. Cal. Oct. 6, 2008) (adopting magistrate judge's recommendation to dismiss action as frivolous); and (4) *Callegari v. Sellers*, No. 06-06079 (9th Cir.) (December 1, 2006 order denying motion to proceed in forma pauperis on ground that appeal was not taken in good faith because the conduct of which plaintiff complained was not, as a matter of law, cognizable under section 1983,[1] and January 10, 2007 order dismissing appeal for failure to prosecute).[2]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, the complaint does not allege that plaintiff faced an imminent danger of serious physical injury at the time plaintiff filed the complaint. *See* ECF No. 1 (alleging that after plaintiff helped a gunshot victim, he was arrested and denied medical treatment – though no injuries to plaintiff are alleged – and that plaintiff had to live with the victim's blood on him for three days). Plaintiff's application for

---

[1] The appellate court's basis for finding that the appeal was not taken in good faith is summarized in the docket text of the underlying civil action. *See Callegari v. Sellers*, No. 3:06-cv-1970-MMC (N.D. Cal. Aug. 18, 2006).

[2] The dismissal of this appeal, though styled as one for failure to prosecute, qualifies as a strike. *See O'Neal*, 531 F.3d at 1153 (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300-MCE-CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3